IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CENTRAL LABORERS' PENSION WELFARE AND ANNUITY FUNDS,   )<br>  )<br>Plaintiff,   )<br>  )<br>vs.   )<br>  )<br>SOLDIER CONCRETE CONSTRUCTION, LLC & BART A. KUNKEL,   )<br>  )<br>Defendants.   ) | Case No. 3:23-cv-01512-GCS |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Gilbert C. Sison (Doc. 32) on whether the Court should hold Attorney Ethan G. Zelizer in contempt of court for his failure to file the required consent form under Administrative Order No. 347 and to otherwise appear and participate in proceedings on behalf of Defendants Bart A. Kunkel and Soldier Concrete Construction, LLC. Not all parties have consented to magistrate judge jurisdiction, requiring the present Memorandum & Order. *See* 28 U.S.C. § 636(e)(6)(B)(iii).

The Report and Recommendation, entered on July 26, 2024, recommends that Attorney Zelizer be held in civil contempt for repeatedly failing to follow orders of the Court and otherwise appear and participate on behalf of his clients (Doc. 32, p. 2). Specifically, Attorney Zelizer disregarded a court order by failing to file a form stating whether his client consents to magistrate judge jurisdiction, as required by

Administrative Order No. 347 (Doc. 13). The Magistrate Judge then issued an Order to Show Cause setting the matter for hearing on January 10, 2024 (Doc. 21). Attorney Zelizer did not file a response or appear at the show cause hearing (Doc. 24) and failed to appear at two status conferences that followed (Docs. 28, 30).

The Report and Recommendation asks the undersigned to command Attorney Zelizer to pay a fine of $25.00 per business day, which will begin accumulating on the first business day after 3 days have elapsed from the issuance of this Order and will continue until Attorney Zelizer either: (1) files the consent form as required under Administrative Order No. 347 and takes the necessary steps for general or *pro hac vice* admission in this district; or (2) files a motion to withdraw from representing his current clients (Doc. 32, p. 7).

There is no objection to the Report and Recommendation.[1] Where neither timely nor specific objections are made, the Court reviews the Report and Recommendation for clear error. *See Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) (citations omitted); *accord Strickland v. Godinez*, 104 F. Supp. 3d 940, 941 (S.D. Ill. 2015). The Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

---

[1] Approximately two hours after that the Report and Recommendation was entered, and over six months after the Magistrate Judge held a Show Cause Hearing, Defendants filed a Motion for a Status Conference (Doc. 33) and a Sealed Declaration of Attorney Zelizer (Doc. 34). The motion states that Attorney Zelizer "was unable to continue his relationship with Defendant due to Defendant's failure to pay its initial bills" (Doc. 33). However, it provides no objections to the Report and Recommendation.

After reviewing the Magistrate Judge's Report and Recommendation, the undersigned finds that there is no clear error in his findings of fact or conclusions of law. Accordingly, the undersigned **ADOPTS in whole** the Report and Recommendation (Doc. 32) and hereby **ORDERS** the following:

a. Attorney Zelizer is held in civil contempt;

b. Attorney Zelizer is commanded to pay a fine of $25.00 per business day. The fine will begin accumulating on the first business day after 3 days have elapsed from the issuance of this Order. The additional 3 days will account for the time it will take for Attorney Zelizer to receive the Order by mail;

c. The fine will continue to be imposed per business day until Attorney Zelizer either: (1) files the consent form as required under Administrative Order No. 347 and takes the steps needed to become either generally admitted in this district or to be admitted pro hac vice; or (2) files a motion to withdraw from representing his current clients; and

d. The total per diem fine amount shall be made payable to the Clerk of Court within ten (10) days after Attorney Zelizer takes either of the above two actions.

**SO ORDERED.**

Dated: August 19, 2024

_____
DAVID W. DUGAN
United States District Judge