UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CENTRAL LABORERS' PENSION WELFARE AND ANNUITY FUNDS,  )<br><br>Plaintiff,  )<br><br>vs.  )<br><br>SOLDIER CONCRETE CONSTRUCTION, LLC, and BART A. KUNKEL,  )<br><br>Defendants.  ) | Case No. 3:23-cv-01512-GCS |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Now before the Court is a Motion to Withdraw as Attorney by Ethan Zelizer, counsel for Defendants Soldier Concrete Construction, LLC ("Soldier Concrete"), and Bart A. Kunkel. (Doc. 43). For the reasons stated below, the Motion will be **DENIED**.

### BACKGROUND

Plaintiff Central Laborers' Pension, Welfare, & Annuity Funds filed this case on May 4, 2023, against Defendants for failure to pay contributions in violation of the Employee Retirement Income Security Act of 1974, *as amended*, 29 U.S.C. §§ 1132, 1145 ("ERISA"). (Doc. 1). Defendants were served on June 9, 2023. (Doc. 6, 7). Mr. Zelizer entered his appearance as counsel for Defendants on July 14, 2023. (Doc. 8). Since that time, however, Defendants and Mr. Zelizer have consistently failed to participate in this case and declined to follow Court orders.

On July 18, 2023, the Clerk notified Defendants that they were required to file a Notice and Consent to Proceed before the undersigned within 21 days. (Doc. 11). They did not file the consent form.

On August 10, 2023, the Clerk again notified Defendants that the consent form was due in 7 days or else Defendants faced possible sanctions. (Doc. 13). Again, no consent form was filed.

On October 18, 2023, the Court ordered Defendants to show cause why sanctions should not be imposed for their failure to file a consent form. (Doc. 14). Defendants did not respond.

On November 21, 2023, the Court warned Defendants that they could be subject to a Clerk's Entry of Default under Federal Rule of Civil Procedure 55(a) for failing to move, answer, or otherwise plead in response to Plaintiff's complaint. (Doc. 15). Plaintiff filed a Motion for Entry of Default the same day. (Doc. 16). Accordingly, the Clerk filed an Entry of Default on November 27, 2023. (Doc. 19).

On December 1, 2023, Defendant Bart A. Kunkel filed a *pro se* response to the Entry of Default. (Doc. 20). In it, Mr. Kunkel indicated that he had not been in contact with counsel for Defendants, Mr. Zelizer, did not know what was happening in the case, and was working on finding new counsel. *Id.* Consistent with the statements in Mr. Kunkel's response, Mr. Zelizer did not appear at a follow-up status conference before the undersigned on January 10, 2024. (Doc. 24). Accordingly, the Court granted Defendants 60 days to find new counsel. *Id.* After additional status conferences on March 31, 2024,

and June 18, 2024, the Court granted Defendants two subsequent extensions of 90 and 60 days, respectively, to find new counsel. (Doc. 28, 30).

Then, on July 26, 2024, the undersigned recommended that Mr. Zelizer be found in contempt of court for his failure to file the required consent form under Administrative Order No. 347 and to otherwise appear and participate in proceedings on behalf of Defendants. (Doc. 32).

On August 19, 2024, the Court held another status conference. (Doc. 36). Defendants and Mr. Zelizer did not appear. *Id.* That same day, United States District Judge David W. Dugan adopted the undersigned's Report and Recommendation in whole and held Mr. Zelizer in contempt of court. (Doc. 37). Mr. Zelizer was fined $25.00 per business day from August 22, 2024, until he either (1) filed the consent form as required under Administrative Order No. 347 and took the steps needed to become either generally admitted in this district or to be admitted pro hac vice; or (2) filed a motion to withdraw from representing his current clients. *Id.* His fine would be become due 10 days after he took either of those two actions. *Id.*

On October 2, 2024, the Court held another status conference. (Doc. 40). Mr. Zelizer appeared and indicated he would be filing a motion to withdraw as counsel for Defendants. *Id.*

On November 1, 2024, Mr. Zelizer filed a Motion to Withdraw as Counsel. (Doc. 43). Therefore, his fine became due on November 11, 2024. *Id.* However, as of the date of this Memorandum and Order, Mr. Zelizer has not made any payments towards his fine. It appears that Mr. Zelizer has no desire to engage with this litigation or with this Court.

Allowing Mr. Zelizer to withdraw now, before paying his fine, would be effectively rewarding his refusal to comply with the Court's orders. The Court is not inclined to permit Mr. Zelizer to withdraw from this matter, therefore, until he pays his fine.

Further militating against Mr. Zelizer's withdrawal is the fact that Defendants are not otherwise represented in this matter. While Defendant Kunkel is permitted to proceed *pro se*, Defendant Soldier Concrete, as a limited liability corporation, must be represented in litigation by counsel. *See, e.g.*, *United States v. Hagerman*, 549 F.3d 536, 537 (7th Cir. 2008) (noting that "a limited liability company . . . , like a corporation, cannot litigate in a federal court unless it is represented by a lawyer"); *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2nd Cir. 2007) (stating that "a limited liability company . . . may appear in federal court only through a licensed attorney").

"[W]hen a litigant not entitled to litigate pro se loses its lawyer in the midst of the case[, the court should] give it a reasonable opportunity to find a new one." *Hagerman*, 549 F.3d at 538 (citations omitted). Here, Defendants have been given far and above a reasonable opportunity to secure new counsel. It has been over 13 months since the Court last granted Defendants an extension of time—their third such extension—to secure counsel. (Doc. 30). Still, Defendants have demonstrated no efforts to find counsel, even after Mr. Zelizer filed a Motion to Withdraw as their counsel, (Doc. 43), and the Clerk's Entry of Default against them. (Doc. 19). Accordingly, the Court will provide Defendants one **final** extension: **Defendants must retain counsel by August 12, 2025**. If Defendants do not find new counsel, Defendants are warned that default judgment may be entered against them.

## CONCLUSION

For the reasons stated above, the Motion to Withdraw as Attorney is **DENIED**. (Doc. 43). Defendants are **ORDERED** to secure counsel by **August 12, 2025**.

**IT IS SO ORDERED.**

**DATED:  July 23, 2025.**

Digitally signed by Judge Sison
Date: 2025.07.23 11:59:02 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**