**THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **CENTRAL LABORERS' PENSION WELFARE AND ANNUITY FUNDS,** <br><br> **Plaintiff,** <br><br> **vs.** <br><br> **SOLDIER CONCRETE CONSTRUCTION, LLC, BART A KUNKEL,** <br><br> **Defendants.** | ) | **Case No. 3:23-cv-01512-GCS** |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

### INTRODUCTION

This case is before the Court on Plaintiff Central Laborers' Pension Welfare and Annuity Funds' Motion for Default Judgment ("Motion") and supporting memorandum. (Doc. 68, 69). Defendant Soldier Concrete Construction, LLC ("Soldier Concrete Construction" or "Defendant") entered into series of agreements with Plaintiff to make monthly contributions to various welfare benefit funds on behalf of covered union employees. Plaintiff filed this suit alleging that Defendant stopped making the required contributions and filing reports concerning the hours worked by covered employees. (Doc. 1) ("Complaint"). Defendant was properly served on June 20, 2023. (Doc. 6). It entered an appearance through counsel on July 14, 2023. (Doc. 8). However, Defendant never filed an answer. After its counsel withdrew from the case, Defendant has not

retained new counsel. The Clerk of Court entered default against Soldier Concrete Construction on June 17, 2026. (Doc. 66). Plaintiff moved for default judgment on August 11, 2026. (Doc. 68). For the reasons explained below, the Court **DIRECTS** Plaintiff to clarify the precise calculation of its claimed damages.

"Even when a default judgment is warranted based on a party's failure to defend, the allegations in a complaint with respect to damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004) (citing *Credit Lyonnais Securities (USA), Inc. v. Alcantara,* 183 F.3d 151, 155 (2nd Cir. 1999)). The Court may only enter a default judgment "where the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007) (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).

The Court finds that the amount Plaintiff claims in this matter may be determined without a hearing on damages, but Plaintiff has not provided sufficient evidence to do so. The Complaint includes an audit by an independent accountant and a revised summary of liabilities owed to Plaintiff. (Doc. 1-16; Doc. 1-17). Typically, an audit and summary would be sufficient for a court to ascertain definite damages. However, Plaintiff's submissions do not allow the undersigned to calculate the precise amount that Defendant owes to Plaintiff. The audit concluded that Defendant owed $53,403.07 to Plaintiff exclusive of liquidated damages. (Doc. 1-16, p. 5). However, this amount was

crossed out and replaced by a (lower) handwritten amount of $53,094.84. *Id*. Meanwhile, the revised summary, the Complaint, and the Motion for Default Judgment list a third amount owed: $52,538.48. (Doc. 1, p. 21; Doc. 1-17, p. 1; Doc. 68, p. 22-23). The precise amount of Defendant's delinquent contributions affects the calculation of liquidated damages, which amount to ten percent of the delinquent contributions. (Doc. 1, p. 19). This difference is minor, but it is not trivial. The Court cannot find Defendant liable for a sum certain when Plaintiff's damages are not certain. Thus, Plaintiff must show certain damages. *See* 29 U.S.C. § 1132(g)(2)(E). *See also Trustees of The Local 309 Electrical Health & Welfare Fund v. May Electrical Contractors, Inc.*, Case No. 3:25-CV-01870-NJR, 2026 WL 827140, at *3 (S.D. Ill. March 26, 2026) (ordering audit to determine scope of defendant's liability).

## CONCLUSION

For the reasons explained above, the Court **DIRECTS** Plaintiff to clarify the precise amount that Defendant owes on or before **November 1, 2026**.

**IT IS SO ORDERED.**

**DATED: October 6, 2026.**

Gilbert C Sison

Digitally signed by Gilbert C Sison
Date: 2026.10.06 11:56:45 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**